UNITED STATES of America,
Plaintiff,

v.

Paul S. GASTON et al., Defendants.

Cr. No. 722-64.

United States District Court
District of Columbia.

March 1, 1965.

David C. Acheson, U. S. Atty., Barbara A. Lindemann, Asst. U. S. Atty., and William Sullivan, Securities and Exchange Commission, Washington, D. C., for the Government.

Charles W. Halleck, Washington, D. C., for defendant Carl J. Bliedung.

HOLTZOFF, District Judge.

This is a motion by the defendant, Carl J. Bliedung, to dismiss the indictment for lack of a speedy trial, or in the alternative for a severance and a speedy trial. So much of the motion as requests a dismissal for lack of a speedy trial is denied. The Court will give careful consideration, however, to the motion for a severance.

■ There is a general principle of Federal criminal procedure that all defendants indicted together should be tried together and that there should be no severance except on an affirmative showing that the joinder is either illegal, or if legal, then seriously prejudicial to the moving defendant. There are exceptions, however. The indictment in this case is composed of 76 counts. It is almost one inch thick. It names ten defendants, only two of whom are charged in all of the counts. The counts in the indictment may be grouped as follows: one group of counts charges sales of securities by fraudulent representations; another group charges sales of unregistered securities in violation of the Securities & Exchange Act; a third group, which in a sense is unrelated to the other two, charges the submission of false and fraudulent applications for loans to various government agencies. There is also one count charging mail fraud, and finally there is a dragnet conspiracy count.

One wonders whether the Government gave sufficient thought to the problem that would confront the jury if it had this entire indictment in the jury room and was required to render a verdict on each of the 76 counts. Such an indictment as this is almost an imposition on the Court, because of the unnecessary complexity of the case and the protracted

trial that would result. The fact, as claimed, that occasionally in some other Districts, United States Attorneys have procured such indictments, is not an argument in their favor.

The present rule permitting joinder of counts and joinder of defendants, Rule 8 of the Federal Rules of Criminal Procedure, is much more liberal than the pre-existing law. It so happens that I had the honor of being a member of the Advisory Committee of the Supreme Court that drafted the Federal Rules of Criminal Procedure. It was the purpose of the Committee to provide a flexible set of rules permitting joinder and doing away with the rigidity of the pre-existing law, which often gave rise to technical arguments as to whether a particular joinder was or was not legal. Rule 8(a) relates to a joinder of counts in the same indictment against one defendant, while 8(b) relates to joinder of defendants. The Committee realized, however, that with the liberality and flexibility of the rule as to joinder, there was a possibility of an injustice being done to defendants, and having this thought in mind the Committee drafted Rule 14, which gives authority to the Court to grant a severance whenever justice so requires. The Committee had before it the spectre of the mass trial in the notorious sedition case, which was at that time pending in this very court. It was the purpose of the Committee to make it possible for Federal judges to prevent a mass trial, because a mass trial is contrary to the basic principles of our jurisprudence. While the present indictment does not contemplate what may be called a mass trial, it has some of the evils in embryo that appear on a much larger scale in a mass trial.

If this indictment were to be tried as it now stands, conceivably it might consume many weeks of trial time. It would be very unfair to require a defendant and his counsel to sit and listen to testimony in regard to counts in which he may not be involved, because counsel fees are properly high, and a defendant may be financially unable to hire counsel who would sit through an entire trial including counts in which his client is not concerned. On the other hand, as to those defendants who are defended by assigned counsel, it is an imposition and an unnecessary burden on the assigned counsel to sit through the trial of counts in which their clients are not accused. Members of the bar of this District carry a heavy burden as it is, in rendering gratuitous services to defendants who claim to be indigent. We should not increase this burden.

The Court is strongly of the opinion that this is one of those few cases where all of the charges contained in the indictment should not be tried together. The Court has already severed those counts that charge the submission of fraudulent applications for loans to government agencies, because obviously, even if technically the joinder is permissible, they are in effect separate transactions, separate and apart from the transactions charged in the other counts. Moreover, the Court sees no reason for multiplying counts. For example, if a person is alleged to have committed a long list of housebreakings, and such matters do occur in this jurisdiction, the Government does not procure an indictment, say, for a dozen housebreakings and join them all in the same indictment. On the contrary, the usual practice is to pick out the two, three or four strongest cases and join them, and leave the others in abeyance.

There is such a thing as fairness to defendants as well as fairness to the Government. Such a joinder as is presented here is, of course, not barred by any constitutional provision. Nevertheless, it is contrary to the spirit of liberty to hail before the Court ten defendants, charge them with 76 offenses, only two of the defendants being accused of all 76, and try all 76 counts together. This is contrary to our traditions.

The Court will frame an order along the following lines. The Court will sever the case in such a way that no defendant will be required to participate or be present at the trial of any count in which he is not involved and in which he is not charged. The Court suggests that counsel for the various defendants join in drafting and presenting a proposed order along those lines. This course may result in three or four trials, but if it does, it is due to the manner in which this case has been handled by the Government. It is no answer for the Government to say that they expect some defendants to plead guilty, that they expect to abandon some counts, and so forth. The point is, however, that counsel for each defendant has to prepare for trial, not knowing which counts are going to be abandoned, if any of them are.

Counsel will prepare an order along the lines indicated and submit the proposed order to Government counsel before submitting it to the Court.