**UNITED STATES of America**

**v.**

**Domenic GULLIA, Charles Giammatteo.**

**Crim. No. 69-47.**

United States District Court
W. D. Pennsylvania.
Aug. 7, 1969.

John Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Anthony V. DeCello, Pittsburgh, Pa., for defendant Domenic Gullia.

## OPINION

ROSENBERG, District Judge.

A motion for severance has been filed in the above entitled case by the defendant Domenic Gullia. Argument by the defendant's counsel and the government's counsel was heard and briefs were submitted.

Gullia contends that he would be prejudiced by being required to stand trial with Charles Giammatteo, the other defendant, because of Giammatteo's involvement with an accused embezzler.

The indictment contains twelve counts. In the first eleven counts it is charged that Charles Giammatteo aided and abetted one Patricia Cristina in the embezzlement of various sums of money during the period from August 16, 1966 to and including May 1, 1968. In Count 12 Gullia is charged on or about May 8, 1968, with attempting to obstruct and prevent the communication of information relating to the violations contained in the first eleven counts by threatening harm to Patricia Cristina and her husband if she communicated information of the criminal violations allegedly committed by the defendant Giammatteo.

The Government's brief on Page 1 states that Patricia Cristina is not charged as a defendant in this indictment, because she pleaded guilty on December 18, 1968 to eleven counts of another indictment identical to those contained in the first eleven counts of the indictment in this case.

Federal Rule of Criminal Procedure 14 provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

Factually unrelated charges against different defendants should ordinarily not be joined in one prosecution. United States v. Gougis, 374 F.2d 758, C.A. 7, 1967; Williamson v. United States, 310 F.2d 192, C.A. 9, 1962; Ingram v. United States, 272 F.2d 567, C.A. 4, 1959. But there must be something on the record to demonstrate that a defendant will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial. Sagansky v. United States, 358 F.2d 195, C.A. 1, 1966, cert. den. 385 U.S. 816, 87 S.Ct. 36, 17 L.Ed.2d 55; United States v. Chramek, 331 F.2d 380, C.A. 4, 1964, cert. den. 379 U.S. 822, 85 S.Ct. 45, 13 L.Ed.2d 33; Gorin v. United States, 313 F.2d 641, C.A. 1, 1963, cert. den. 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052; United States v. Tanner, 279 F.Supp. 457 (D.C.Ill., 1967); United States v. Wallace, 272 F.Supp. 838 (S.D.N.Y., 1967); United States v. Crisona, 271 F.Supp. 150 (D.C.N.Y., 1967); United States v. Gaston, 37 F.R.D. 476 (D.C.D.C., 1965).

After an examination of all of the counts in the indictment, it would appear that the charges as made by the Government are in compliance with Rule 8 of the Federal Rules of Criminal Procedure which provides as follows:

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

The charge in Count 12 is linked to the first eleven counts. Under Rule 8 defendants may be joined if the offenses charged are "based on the same act or transaction or on two or more acts or transactions connected together * * *" and may be tried together. Bayless v. United States, 381 F.2d 67, C.A. 9, 1967.

■ Where conduct upon which each of the counts is based is part of a series of factually related transactions in which all defendants participated, charges are properly joined, even if various offenses were distinct and all the defendants are not charged on each count. Williamson v. United States, supra.

The indictment as filed here makes simple charges that Patricia Cristina embezzled certain sums of money over a period of time and was aided and abetted by Giammatteo, and that subsequently Gullia interfered and obstructed justice by threatening harm to Patricia Cristina if she divulged information concerning Giammatteo's participation with Cristina's activities.

Since the burden is upon the Government to prove its case beyond a reasonable doubt, it, of necessity, would be required to present, perhaps not detailedly, the activities of Cristina as the embezzler and Giammatteo as an aider and abettor. The charges against Gullia relate to the obstruction of justice. While they are related factually, the crimes charged against Gullia and Giammatteo are different and distinguishable. A single indictment which contains various or different charges against the participants is permissible, as is a common trial. This is not necessarily prejudicial, because it is incumbent upon the Government to prove all of the facts as they relate to Cristina and Giammatteo in order to hold Gullia. A trial judge concerns himself, by instructing the jury, as to multiple defendants, to weigh the evidence against each defendant separately and make separate determinations as the evidence relates to each separate defendant.

■ Under these circumstances the fact that Giammatteo will be chargeable with the first eleven counts of the indictment and Gullia with the twelfth count only, basically presents no reason for severance. Count 12 is so connected with the defendant Giammatteo in the first eleven counts as to require connecting evidence. No reason appears why they should not be tried together.

In any event, the motion for severance as made by Gullia is not basically supported and will be denied. United States of America v. Frank Stringi et al., 378 F.2d 896, C.A. 3, 1967, cert. den.; Nightingale v. United States, 389 U.S. 846, 88 S.Ct. 100, 19 L.Ed.2d 113.