**UNITED STATES of America, Plaintiff,**

v.

**Marshall SCHOENEMAN, Defendant.**

**No. 95 CR 280.**

United States District Court,
N. D. Illinois,
Eastern Division.

July 24, 1995.

William A. Barnett, Jr., Durkin, Morgan, Roberts, Barnett & Bley, Chicago, IL, William A. Barnett, Chicago, IL, for defendant.

Jacqueline Ross, U.S. Attorney's Office, Chicago, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On May 4, 1995, the special March 1995 grand jury returned an indictment against defendant Marshall Schoeneman, charging him with 43 counts of submitting false "petitions for non-immigrant worker" to the Immigration and Naturalization Service ("INS"). Defendant has filed four motions: (1) to dismiss the indictment; (2) for immediate disclosure of favorable evidence; (3) for production of Rule 404(b) material; and (4) for leave to file additional pretrial motions. For the reasons set forth below, all of defendant's motions are denied.

## BACKGROUND

Between February and December 1992, the INS conducted an undercover investigation of defendant. As part of that investigation, the INS applied for, received, and on December 9, 1992, executed a search warrant as to defendant's office. On December 8, 1992, a criminal complaint was filed against defendant and others (case No. 92 CR 1051), charging him with conspiracy to defraud the United States in connection with the participation in a "sham marriage" of an applicant for permanent resident alien status. Defendant was arrested and released on bond. That complaint was subsequently dismissed on motion of the government. Nothing happened thereafter, until May 4, 1995, when an indictment was returned in that case, charging additional defendants and adding counts.

An indictment was also returned in the instant case on May 4, 1995, charging defendant with 43 counts of submitting false petition for non-immigrant worker to the INS. These charges arise out of the same investigation as the sham marriage case, and apparently are premised in substantial part upon documents recovered from the search of defendant's office in December 1992.

## MOTION TO DISMISS

Defendant has moved to dismiss the indictment, arguing that the delay between the execution of the search warrant in December 1992 and the return of an indictment on May 4, 1995, has prejudiced his ability to adequately defend the case. Curiously, defendant relies on *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), arguing that the delay violated his Sixth Amendment right to a speedy trial. It is well settled, however, that the Sixth Amendment right to a speedy trial does not arise until charges are pending. *United States v. Koller,* 956 F.2d 1408, 1413 (7th Cir.1992). Periods of delay prior to arrest are irrelevant to any Sixth Amendment analysis. *Id.* Similarly, any delay after the gov-

ernment dismisses charges against the defendant and before charges are refiled does not implicate a defendant's trial rights. *Id.* Thus, for purposes of Sixth Amendment analysis, the delay prior to defendant's arrest in 1995 is irrelevant. *Id.*

■ Having determined that defendant's motion cannot raise a claim under the Sixth Amendment, the court will construe his motion as raising a claim that his Fifth Amendment right to due process has been violated by the alleged inordinate delay in bringing the indictment against him. Unfortunately for defendant, this claim fares no better.

■ Initially, the court notes that defendant has not claimed that the government's prosecution is barred by the statute of limitations, which is the primary safeguard against any potential prejudice resulting from the government's alleged delay in seeking an indictment. *See, e.g., United States v. Ashford,* 924 F.2d 1416, 1419 (7th Cir.1991). The Supreme Court has stated, however, that "the statute of limitations does not fully define [a defendant's] rights with respect to events occurring prior to indictment." *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). In *Marion,* the Court observed that the due process clause of the Fifth Amendment may provide a check on certain prosecutions even though brought within the period of limitations, "if it were shown at trial that the pre-indictment delay in bringing the case caused substantial prejudice to [a defendant's] right to a fair trial, and that the delay was an intentional device to gain tactical advantage over the accused." *Marion,* 404 U.S. at 324, 92 S.Ct. at 465.

■ It is the defendant's burden to establish prejudice with specific, concrete allegations supported by evidence; only after meeting this burden must the government explain the reasons for the pre-indictment delay. *United States v. Sowa,* 34 F.3d 447, 449–50 (7th Cir.1994). The defendant's obligation to show actual and substantial prejudice is an exacting one. "It is not enough ... to offer some suggestion of speculative harm; rather, the defendant must present concrete evidence showing material harm."

*United States v. Anagnostou,* 974 F.2d 939, 942 (7th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1943, 123 L.Ed.2d 649 (1993). The prejudice must be concrete and substantial, and defendant is not deprived of due process if he is only "somewhat prejudiced by the lapse of time." *United States v. Lovasco,* 431 U.S. 783, 796, 97 S.Ct. 2044, 2051–52, 52 L.Ed.2d 752 (1977).

In the instant case defendant has failed to clear this first hurdle. He has failed to allege specific, concrete allegations of prejudice supported by evidence resulting from the pre-indictment delay. His motion contains only the conclusory allegation that he is prejudiced because his health and eyesight have deteriorated in the two and one-half years pending between the initial investigation and the indictment. Defendant contends that his deteriorating eyesight has impeded his ability to review the documents to be used against him at the trial. Such general allegations are insufficient to support a motion to dismissed based upon a Fifth Amendment due process violation. See, *Pharm v. Hatcher,* 984 F.2d 783, 787 (7th Cir.1993) (vague allegations of "faded memory" are insufficient to establish prejudice for the purposes of a due process violation); *United States v. Canoy,* 38 F.3d 893, 902 (7th Cir. 1994) (delay allegedly causing loss of ability to subpoena exculpatory phone records held insufficient). To the extent defendant's eyesight may require some accommodation in timing or other procedures, the court will ensure that defendant is so accommodated.

The court, therefore, denies defendant's motion to dismiss without prejudice. Defendant may renew his motion at trial and offer evidence to support his allegations of substantial prejudice. *See United States v. Baker,* 40 F.3d 154, 157 (7th Cir.1994).

### MOTION FOR A DISCLOSURE OF FAVORABLE EVIDENCE

■ Defendant has moved for the immediate disclosure by the government of all evidence favorable to defendant. In its response to this motion, the government has recognized its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States,*

405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1982); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and has stated that it has turned over all such information currently in its possession. Additionally, the government has agreed to disclose promptly any evidence of which it becomes aware that can conceivably be considered exculpatory, and has further agreed to turn over all relevant impeachment information and Jencks Act and *Giglio* materials one week prior to trial. Subject to the government's agreement as set forth in its response, defendant's motion is denied.

### DEFENDANT'S MOTION FOR DISCLOSURE OF "OTHER ACTS" EVIDENCE

Defendant has moved for an order requiring the government to disclose all similar crimes, wrongs or acts allegedly committed by defendant on which it intends to rely at trial to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Defendant requests this information for evidence that the government intends to use not only in its case in chief, but in cross-examination and rebuttal as well.

The admission of other crimes, wrongs or acts evidence is governed by Fed.R.Evid. 404(b), which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The government has acknowledged its duty to provide defendant with the general nature of any such evidence it plans to introduce pursuant to Fed.R.Evid. 404(b). The government has also stated that it has already turned over its complete file regarding defendant's prior involvement in filing fraudulent amnesty applications, and pursuant to its response brief gives notice of its intent to offer evidence of that prior fraud at trial. The government has also turned over evidence relating to the sham marriage scheme charged in Case No. 92 CR 1051, and gives notice that it plans to offer evidence of that fraudulent scheme at trial in order to establish defendant's intent, knowledge and absence of mistake or accident in the instant offense. The government has further stated that it is prepared to give defendant notice of any further 404(b) evidence it intends to use against him one week prior to trial.

■ The government objects, however, to the specificity of the other acts evidence requested by defendant. Defendant's motion requests that the government turn over specific evidentiary detail, including: the dates, times, places and persons involved in such acts; the statements of each participant; any documents that contain evidence of such other crimes or acts; and a statement of the issue or issues to which the government believes such other crimes or acts of evidence may relate. Such detail is not required by the rule, which provides only that the prosecution provide reasonable notice in advance of trial of the general nature of any other act evidence. Fed.R.Evid. 404(b). Accordingly, defendant's request for such detailed evidence is denied.

■ Defendant's request for information to be used by the government in cross-examination is governed by Fed.R.Evid. 608(b), which provides:

Specific instances of the conduct of a witness, for purposes of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning

the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Unlike Rule 404(b), Rule 609 does not contain any notice provision, and the government argues that one should not be read into the rule. The court agrees that Rule 608(b) evidence need not be disclosed in advance of trial. *United States v. Toma*, 1994 WL 722043 (N.D.Ill.) (and cases cited therein). Accordingly, defendant's motion for disclosure of other acts evidence that the government intends to use in cross-examination is denied.

### MOTION FOR LEAVE TO FILE ADDITIONAL PRETRIAL MOTIONS

Finally, defendant has moved for leave to file any additional pretrial motion for which need may arise as a result of the government's response to defendant's other pretrial motions. Defendant's request for leave to file any future motion is denied without prejudice. The court will consider any particular request for leave to file a specific motion when such a request is made to the court on the record.

### CONCLUSION

For the reasons set forth above, defendant's motions to dismiss the indictment, for immediate disclosure of favorable evidence, for production of 404(b) material, and for leave to file additional pretrial motions are denied.