UNITED STATES of America, Plaintiff,

v.

**William STOECKER, Richard J. Bock, Lawrence E. Pluhar, Gregory P. Pace, and Richard A. Asta, Defendants.**

**No. 95 CR 118.**

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1996.

William Thomas Huyck, Chicago, IL, George Pappas, Neville, Pappas & Mahoney, Chicago, IL, Federal Defender Program, Scott Jay Frankel, Frankel & Cohen, Chicago, IL, Thomas Anthony Durkin, Patrick W. Blegen, Thomas Anthony Durkin, P.C., Chicago, IL, Jonathan Peter Remijas, Donald T. Bertucci, Chicago, IL, for William J. Stoecker.

Lynn C. Hartfield, Federal Defender Program, Chicago, IL, for Richard J. Bock.

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS'[1] PRE–TRIAL MOTIONS

GETTLEMAN, District Judge.

The instant ninety-eight page indictment[2] includes fifty-eight charges against William J. Stoecker ("Stoecker"), Richard J. Bock ("Bock"), Lawrence E. Pluhar ("Pluhar"), Gregory P. Pace ("Pace"), and Richard A. Asta ("Asta"). During the time period charged in the indictment Stoecker was the controlling stockholder of Grabill Corporation ("Grabill") and various other companies. Bock and Pluhar were both officers of Grabill. Pace was an officer of Bankers Trust Company, which extended loans to Grabill, and Asta was a certified public accountant with the firm of Laventhol & Horwath.

The indictment alleges that starting in 1984, Stoecker, Bock, Pluhar, and Pace, together with an unindicted attorney, participated in a scheme to defraud banks and to

---

1. This order addresses the pretrial motions of all defendants except Gregory P. Pace; Pace's motions are covered by a separate order.

2. Two days before this opinion was issued, the grand jury returned a superseding indictment against all the defendants. The latter indictment does not materially alter the issues addressed in this opinion.

obtain money from those banks by means of false and fraudulent pretenses, representations, and promises. The banks included some twenty-five financial institutions located across the country. These banks loaned Grabill and affiliated entities a total of over $400,000,000.

To perpetrate the scheme, Stoecker, Bock, Pluhar, and Pace allegedly repaid the earlier victim banks by obtaining loans from other banks. It is further alleged that Stoecker and Pace knowingly caused collateral to be pledged to more than one bank, all the while representing that the collateral was unencumbered.

The indictment alleges that Stoecker, Pluhar, Bock, and Pace made a series of intentional misrepresentations to banks to cause them to extend loans or to continue established lending relationships. These alleged misrepresentations involved collateral pledged for loans, Stoecker's past performance in servicing his debt obligations, and the status of impending sales of assets. These defendants then allegedly made false promises to induce banks to release collateral.

As a further part of the scheme the above named defendants employed Laventhol & Horwath, for whom Asta was an accountant, to perform audits of Grabill and affiliated entities as of June 30, 1987 and June 30, 1988. Stoecker and Bock allegedly submitted to Laventhol false information, including altered financial documents. Asta allegedly knew that Laventhol & Horwath's audits for 1987 and 1988 were not conducted in accordance with generally accepted auditing standards ("GAAS"), yet he nonetheless caused the audit reports to be released.

## I. DEFENDANT WILLIAM J. STOECKER'S PRETRIAL MOTIONS

Defendant William J. Stoecker ("Stoecker") has filed four pretrial motions: (1) motion for leave to file additional pretrial motions; (2) motion to adopt certain motions filed by co-defendants; (3) motion in limine to preclude introduction of 404(b) evidence; and, (4) motion *in limine* concerning co-defendants' proffers.

### A. *Motion for Leave to File Additional Motions*

■ Stoecker has filed a motion asking the court to enter an order granting him leave to file a motion to dismiss for preindictment delay and motions *in limine* at a later date. The government objects to the filing of any such motions after the set briefing schedule without a showing of good cause for the delay on a case-by-case basis.

The court established a schedule for the filing of pretrial motions pursuant to Federal Rule of Criminal Procedure 12(c). Under Rule 12(f), "[f]ailure by a party ... to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), ... shall constitute waiver thereof, but the court for cause shown may grant relief from waiver."

Accordingly, Stoecker's motion is denied without prejudice. Additional motions may be filed upon a showing of good cause why such additional motions are necessary and why the motion could not be filed earlier.

### B. *Motion to Adopt Certain Motions Filed by Co–Defendants*

Stoecker has moved to adopt certain specified motions of his four co-defendants, along with a request to supplement co-defendant Pace's motion to dismiss for undue pre-indictment delay at a later date. The government does not object to Stoecker's adoption of his co-defendant's motions, but objects to the request to supplement a previously filed motion after the motion schedule set by the court.

■ The court grants in part and denies in part Stoecker's motion. The court grants Stoecker's motion to adopt certain previously filed motions. The court further holds that in the interest of justice and to conserve the court's time all future motions are deemed adopted by all co-defendants unless expressly disavowed. In ruling, the court will consider the facts relating to the adopting co-defendants as identical to the moving defendant unless an adopting co-defendant files a statement of the difference in the facts addressed

in the motion prior to the court's ruling on the moving defendant's motion.

The court notes that rulings on certain motions will be fact specific to the moving defendant and the court will note in those rulings when other defendants will not benefit from the court's ruling on that specific motion. Any defendant who wishes to disavow adoption of a co-defendant's motion must do so either in writing or orally, on the record.

The court denies Stoecker's motion to supplement any previously filed motions without prejudice, based on the reasoning in the court's ruling on Stoecker's motion to file additional motions.

### C. *Motion In Limine to Preclude Introduction of 404(b) Evidence*

Stoecker has filed a motion *in limine* to preclude the introduction of six areas of evidence of which the government gave defendants notice pursuant to Fed.R.Evid. 404(b). Stoecker argues that the evidence is inadmissible because it is being used to show only that Stoecker is a "bad guy." The government asserts that each of the areas of evidence are admissible either as direct evidence of the charged offenses, under Fed. R.Evid. 402, or pursuant to Fed.R.Evid. 404(b). Stoecker's motion is denied in part and granted in part.

■■■ "[R]ule 404(b) permits the introduction of evidence of another crime, wrong, or act *unless* the sole purpose for the offer is to establish the defendant's propensity for crime," and the probative value of such evidence is not substantially outweighed by the prejudicial impact on the jury. *United States v. Yusufu,* 63 F.3d 505, 511 (7th Cir. 1995) (Emphasis in original). "Bad acts" evidence may be admitted to demonstrate, among other things, motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *United States v. Gregory,* 74 F.3d 819 (7th Cir.1996).

■■ The test for admissibility under Rule 404(b) is "whether the evidence: (1) is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) shows that the other

act is similar enough and close enough in time to be relevant to the matter in issue; (3) is sufficient to support a jury finding that the defendant committed the similar act; and (4) has probative value which is not substantially outweighed by the danger of unfair prejudice." *Id.*

The government has given defendants notice of six items. Five of the items pertain solely to Stoecker and the sixth item pertains to both Stoecker and his co-defendant Pace. Each of the six items occurred within the time frame of the scheme alleged in the indictment. Further, Stoecker does not claim that the acts are not similar enough to be relevant or that there is insufficient evidence to support a jury finding. Instead, Stoecker asserts that the six items of evidence fail to meet the first and fourth part of the *Gregory* standard.

■ Stoecker argues that the items are more prejudicial than probative because the government intends to present an "overwhelming" amount of evidence concerning the indicted offenses without the addition of these six items. The sheer amount of evidence against a defendant does not determine whether the evidence itself is more prejudicial than probative. None of the evidence is "shocking" or highly prejudicial in itself. Further, there is no evidence before the court at this time to find that the evidence is cumulative of evidence that will otherwise be admitted at trial.

Addressing the items in the order they appear in defendant's motion, the court finds that items one through five are relevant and admissible as evidence in the government's case-in-chief for the following reasons: (1) item one is admissible under Rule 404(b) to show opportunity and a common scheme or pattern, *United States v. Goichman,* 547 F.2d 778, 781–82 (3rd Cir.1976); *United States v. Krohn,* 560 F.2d 293, 296 (7th Cir. 1977); (2) item two is admissible under Rule 402 as evidence that is relevant to the charges in the indictment; (3) item three is admissible both as relevant evidence under Rule 402, and under Rule 404(b) as evidence of the onset of the course of dealings alleged in the indictment, *United States v. Mancari,*

875 F.2d 103, 105 (7th Cir.1989); *United States v. Currier,* 821 F.2d 52, 55 (1st Cir. 1987); (4) item four is admissible under Rule 402, and pursuant to Rule 404(b) as evidence necessary to fill a gap and show the chain of alleged false pledges, *United States v. Lashmett,* 965 F.2d 179, 185 (7th Cir.1992); and (5) item five is admissible under Rule 402.

The court finds that item six is not admissible because it is not relevant to the elements of any of the indicted crimes. Accordingly, the court grants Stoecker's motion to preclude the evidence outlined in item six in the government's case-in-chief. The government argues that the evidence in item six is necessary to negate a defense that Pace may raise at trial. In the event that such a defense is raised at trial, the court will consider a motion to admit this evidence in the government's rebuttal case.

### D. *Motion In Limine Concerning Co-Defendants' Proffers*

Stoecker has filed a motion *in limine* for an order precluding proffers of co-defendants from being introduced at trial. Based on the government's representations in its response, the court denies Stoecker's motion as moot.

## II. RULING ON DEFENDANT RICHARD J. BOCK'S PRETRIAL MOTIONS

Defendant Richard J. Bock ("Bock") has filed four pretrial motions: (1) for an order requiring the government to give notice of its intention to use other crimes, wrongs or acts evidence; (2) for a Santiago hearing on admissibility of co-conspirators' statements or for a proffer four weeks prior to trial; (3) to adopt certain motions of defendant Pace; and (4) for continuing disclosure of favorable evidence.

### A. *Motion for An Order Requiring the Government To Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence*

Bock has moved for an order requiring the government to give specific notice of its intention to use evidence of "other crimes, wrongs, or acts" pursuant to Fed.R.Evid. 404(b) or "specific instances of conduct" pursuant to Fed.R.Evid. 608(b) during the government's case-in-chief, during cross-examination, or in its rebuttal case. The government represents that it has already complied with this court's previous order to give defendants notice of all Rule 404(b) evidence. Based on the government's representation, Bock's motion for notice of Rule 404(b) evidence is denied as moot. The court notes that the government is under a continuing order for immediate disclosure of any Rule 404(b) evidence that may come to the government's attention in the future.

■ The government objects to Bock's request for additional disclosure of names, statements, and other materials based on Bock's alleged failure to comply with Local Criminal Rule 2.04(c) and asks that such requests be stricken. In this district the parties are bound both by Fed.R.Crim.P. 16, and N.D.Ill. Local Criminal Rule 2.04 ("Local Rule 2.04"), which specify the parties' discovery obligations. Under these rules, the parties are to present and discuss their discovery requests with the opposing party before demanding court intervention. Certain judges on this court routinely strike any discovery motion that fails to contain a statement that a Local Rule 2.04 conference has been held and that an agreement could not be reached regarding the subject of the relevant motion. *United States v. Davis,* 673 F.Supp. 252, 255 (N.D.Ill.1987).

Based on judicial time and interest, the court denies the government's motion to strike Bock's requests, but denies Bock's request for specific details of any Rule 404(b) evidence and his request for Rule 608(b) information for the following reasons.

The admission of other crimes, wrongs or acts evidence is governed by Rule 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecu-

tion in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

■ The government represents that it has turned over to Bock all Rule 404(b) evidence it intends to use at trial. The government objects, however, to the specificity of the other acts evidence requested by Bock and asserts that there is no authority for the type of detailed disclosure requested by Bock. Bock's motion requests that the government turn over specific evidentiary detail, including: the dates, times, places and persons involved in such acts; the statements of each participant; any documents that contain evidence of such other crimes or acts; copies of audio and video recordings of those crimes, wrongs, or acts; and a statement of the issue or issues to which the government believes such other crimes or acts of evidence may relate.

"Such detail is not required by the rule, which provides only that the prosecution provide reasonable notice in advance of trial of the general nature of any other act evidence." *United States v. Schoeneman*, 893 F.Supp. 820, 823 (N.D.Ill.1995); Fed.R.Evid. 404(b). Accordingly, Bock's request for such detailed evidence is denied.

■ Bock's request for information to be used by the government in cross-examination is governed by Fed.R.Evid. 608(b), which provides:

> Specific instances of the conduct of a witness, for purposes of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which

character the witness being cross-examined has testified.

Unlike Rule 404(b), Rule 609 does not contain any notice provision. The court finds that a notice requirement should not be read into the rule and consequently holds that Rule 608(b) evidence need not be disclosed in advance of trial. *Schoeneman*, 893 F.Supp. at 824, citing, *United States v. Toma*, 1994 WL 722043 (N.D.Ill.) (and cases cited therein). Accordingly, Bock's motion for disclosure of other acts evidence that the government intends to use in cross-examination is denied.

Other than those defenses which the Federal Rules of Criminal Procedure require notice by Bock, the court would not ask Bock to disclose to the government its theory of defense prior to trial so that the government would know what rebuttal evidence they need to put on. It would be inappropriate, therefore, to order the government to give notice of any evidence it will seek to introduce in its rebuttal case, and Bock cites no contrary authority. Accordingly, Bock's motion for other acts evidence the government intends to use in its rebuttal case is denied.

B. *Motion for a Santiago Hearing on Admissibility of Co–Conspirator's Statements or For a Proffer Four Weeks Prior to Trial*

Bock has moved for a pre-trial hearing to determine the admissibility of any co-conspirator's statements that the government intends to introduce pursuant to Fed.R.Evid. 801(d)(2)(E), the co-conspirators exception to the hearsay rule, or for a written *Santiago*[3] proffer four weeks prior to trial. The government represents that it does not intend to offer any statements against Bock pursuant to Rule 801(d)(2)(E). Based on the government's representation, Bock's motion is denied as moot. The government is ordered to inform the court and defendants within 7 days of this order whether it intends to offer any 801(d)(2)(E) evidence against any other defendant and, if so, the nature of such evidence.

**3.** *United States v. Santiago*, 582 F.2d 1128 (7th Cir.1978).

### C. Motion to Adopt Certain Motions of Defendant Pace

Bock has moved to adopt certain specified motions filed by his co-defendant Gregory P. Pace. The government does not object. Therefore, the court grants Bock's motion to adopt certain previously filed motions under the same conditions explained above granting co-defendant Stoecker's similar motion.

### D. Motion for Continuing Disclosure of Favorable Evidence

Bock has moved for a continuing order for the government to provide all evidence in its possession or that comes into its possession which is favorable to defendant or for use in cross-examination under the principles enunciated in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Bock then gives the government specific notice of fourteen items of information that he requests. The government acknowledges its responsibilities under *Brady* and *Giglio,* but objects to Bock's enumerated items because Bock has allegedly failed to comply with Local Rule 2.04(c). *See, Davis,* 673 F.Supp. at 255. Bock has not stated in his motion that his attorney has given the government notice of the specific information he requests and that the government has failed to come to an agreement with defendant.

Based on the government's representations, the court grants in part and denies in part Bock's motion. In the interest of justice and to enable the parties to address any motions *in limine* prior to trial, the court orders the government to produce all *Brady* and *Giglio* materials currently in its possession four weeks prior to trial or immediately at such time thereafter that the evidence becomes available. The court denies Bock's specific requests without prejudice until such time as defendant meets with the government and determines which if any such requests will not be met and are discoverable.

### III. RULING ON DEFENDANT RICHARD A. ASTA'S PRETRIAL MOTIONS

Defendant Richard A. Asta ("Asta") has filed three pretrial motions: (1) for severance; (2) for continuing disclosure of favorable and impeaching evidence; and (3) to adopt motions of co-defendants.

### A. Motion for Severance

 Asta moves to sever the charges against him from those brought against his co-defendants pursuant to Fed.R.Crim.P. 14. Under Rule 14, the trial court has discretion to sever a count or a defendant "[i]f it appears that a defendant or the government is prejudiced" by the joinder. See, *Zafiro v. U.S.,* 506 U.S. 534, 541, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993). It is defendant's burden to show that a joint trial will subject him to a "legally cognizable prejudice." *Id.; United States v. Goines,* 988 F.2d 750, 781 (7th Cir.1993) (defendant must establish "severe prejudice" to obtain a severance). In making this determination, the court must balance "the benefit of judicial efficiency in a joint trial with the risk of prejudice to a defendant." *Goines,* 988 F.2d at 781.

In *United States v. Shorter,* 54 F.3d 1248, 1258 (7th Cir.1995), citing, *United States v. Echeles,* 352 F.2d 892, 896 (7th Cir.1965), the court stated:

> [T]he general rule has evolved that persons jointly indicted should be tried together, particularly so where the indictment charges a conspiracy or a crime which may be proved against all the defendants by the same evidence and which results from the same or a similar series of acts.

 Generally, the "danger of prejudice to the least guilty or perhaps prejudice to all from sheer confusion of a multi-defendant trial, is in all but the most unusual circumstance considered out-weighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Shorter,* 54 F.3d at 1258 n. 21, quoting, *United States v. Velasquez,* 772 F.2d 1348, 1352 (7th Cir.1985); *United States v. Townsend,* 924 F.2d 1385, 1388 (7th Cir.1991) ("[s]ome trade-off between prejudice and efficiency is, of course, necessary for the judicial system to function; otherwise 'the slow place of our

court system would go from a crawl to paralysis' ").

Asta moves for a severance based on the following factors: (1) to secure the testimony of his co-defendant Stoecker as a defense witness; (2) the specific distinction between the allegations against Asta and his co-defendants; (3) the unfair prejudice from the disparity of evidence and between himself and his co-defendants; (4) the unfair prejudice and financial burden of preparing, defending and enduring a four-or-more month trial on 58 counts in which Asta is named in only 3 counts; (5) the unfair prejudice that may occur based on the multiplicity of counts causing the jurors to be unable to distinguish among the various defendants; and, (6) the unfair prejudice and spillover effects of the Rule 404(b) evidence that the government intends to offer against co-defendants Stoecker and Pace which do not involve Asta.

Asta asserts that his case should be severed to allow him the opportunity to call co-defendant Stoecker as a witness for his defense. The need to obtain exculpatory testimony from a co-defendant is a recognized basis for severance in a criminal proceeding. *See generally, United States v. Echeles,* 352 F.2d 892, 897–98 (7th Cir.1965). To determine whether a severance is warranted on this basis the court must consider: (1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would in fact testify; and, (3) whether the testimony would bear on the defendant's case. *Granada v. United States,* 51 F.3d 82, 84 (7th Cir.1995).

Unlike his co-defendants, Asta is not charged with knowingly misrepresenting Grabill's [4] assets to specified banks. Asta was not a Grabill employee or a bank employee. Asta was an employee of Laventhol & Horwath, an accounting firm that performed audits on Grabill and its subsidiaries. Asta is charged with having knowledge that the Laventhol & Horwath audits of Grabill did not meet generally accepted auditing standards ("GAAS"), and causing Laventhol & Horwath to issue certain audit reports that misrepresented that the audit complied with GAAS. Significantly, Asta (unlike the other defendants) is not charged with misrepresenting Grabill's value or performance. Asta represents that his defense, in part, is that he did not issue the audit reports alleged in the indictment, and that as a subordinate he was not in a position to do so.

Attached to Asta's motion is an affidavit in which Stoecker states that it was his observation and experience working with Asta and Kenneth Solomon (a partner at Laventhol and Horwath), that Solomon made "certain critical decisions" concerning auditing issues and that Asta "was clearly in a subordinate role" to Solomon. Stoecker also states that "[i]f I were not myself facing trial for various criminal charges, I would be willing and able to testify regarding the above matters and elaborate further regarding specifics."

The government does not dispute that a defendant is entitled to severance when necessary to obtain testimony of a co-defendant, but argues that Asta has failed to meet the standard set forth in *Granada.* The government disputes whether based on his affidavit Stoecker would in fact testify for Asta, arguing that Stoecker is in fact facing various criminal charges in this case, and argue that severing Asta from this case would not change that fact. The government further argues that Stoecker's affidavit does not show that his testimony would exculpate Asta because even if Asta issued the reports pursuant to Solomon's orders he would still be guilty of the crime, and that Asta has failed to provide evidence that Stoecker's testimony would bear on Asta's case. The government asserts that there are numerous other witnesses, including Solomon, involved in these matters whom Asta could call as witnesses to prove his point.

Asta asserts that the conditional basis that Stoecker stated for his testimony would be satisfied if Asta's case is severed and tried after the conclusion of the trial of Stoecker and the other defendants. At that point, regardless of the outcome of trial, Asta asserts that Stoecker will no longer have a Fifth Amendment privilege relating to the bank fraud charges and will therefore be available to be subpoenaed as a defense wit-

---

4. Grabill Corporation is a company owned by defendant Stoecker.

ness at Asta's trial. Further, "[s]peculation about what [Stoecker] might do at a later [Asta] trial undoubtedly would be a matter of some concern to [Asta], but [Asta] should not be foreclosed of the possibility that [Stoecker] would testify in his behalf merely because that eventuality [is] not a certainty." *Echeles,* 352 F.2d at 898.

To the government's second argument, Asta asserts that Stoecker's testimony would in fact be exculpatory because his defense is not that he issued the reports pursuant to Solomon's orders but that he did not issue the report at all, and Stoecker's testimony establishing Solomon's and Asta's roles at Laventhol & Horwath would support that defense.

As to the last factor in the *Granada* analysis, Asta asserts that the government's argument that Asta could call Solomon as a witness to testify to the same matters as Stoecker could testify makes no sense. The court agrees with Asta that it would be highly unlikely that Solomon would come into court to admit that he ordered misrepresentative audits to be issued when the statute of limitations for this crime has not expired. After thorough consideration of the three *Granada* factors, and the arguments and documents filed by Asta and the government, the court finds that Asta has met the standard set forth in *Granada.*

 Asta also asserts that if he is not severed from his co-defendants he will suffer unfair prejudice from the disparity of evidence that will be offered at a joint trial against his fellow co-defendants and that offered against himself, and the spillover effects of that evidence. As the government points out, the argument that there is more evidence against certain defendants, or that it is more highly incriminating is insufficient grounds in itself for a severance. *United States v. Studley,* 892 F.2d 518, 524 (7th Cir.1989) ("[t]he fact that the government has greater evidence against one co-defendant does not automatically give the other defendant grounds for severance"). "Spillover" claims, or claims of prejudice based on "guilt by association" do not in themselves warrant severance. *Shorter,* 54 F.3d at 1259. In most cases the court's limiting instructions

to the jury will adequately cure any potential prejudice. See, *Zafiro,* 506 U.S. at 540, 113 S.Ct. at 939.

However, "a 'gross disparity' in the evidence presents a danger that some defendants will suffer 'spillover prejudice' due to the accumulation of evidence against other defendants. When that occurs, a defendant may suffer a transference of guilt merely due to his association with a more culpable defendant." *United States v. Andrews,* 754 F.Supp. 1161, 1177–78 (N.D.Ill.1990), citing, *United States v. Garner,* 837 F.2d 1404, 1413 (7th Cir.1987). In instances where the evidentiary disparity is unquestionable the court will not presume that jury instructions will adequately cure potential prejudice, and severance is appropriate. *Andrews,* 754 F.Supp. at 1178.

In the instant case, in Count I, paragraph 2 of the indictment it is alleged that Stoecker, Bock, Pluhar and Pace (not Asta) "participated in a scheme and artifice to defraud federally chartered and insured financial institutions ... by means of false and fraudulent pretenses, representations, and promises." The indictment includes a total of 58 counts. Asta is alleged to have knowingly caused to be issued Laventhol & Horwath financial statements to banks, which statements Asta knew falsely purported to have been prepared in accordance with GAAS. Asta is indicted in only 3 of the 58 counts.

The government has projected that this trial will last at least three months. Based on the nature of the charges, the court finds that there is a gross disparity in the evidence between Asta and his co-defendants both in quantity and quality.

Further, the court finds that two more factors Asta has raised weigh in favor of his severance: (1) the government will be offering in evidence of other criminal acts under Fed.R.Evid. 404(b) against two of his co-defendants that would not otherwise be admissible in a trial with Asta alone, *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993); and (2) the unfair prejudice to Asta and his counsel to prepare and endure a three month or longer trial in which Asta is named in only 3 of 58

counts. *United States v. Gaston,* 37 F.R.D. 476, 477 (D.D.C.1965).

For all of these reasons, the court grants Asta's motion to sever the charges against him from those brought against the other defendants. The court notes that this severance ruling pertains only to the facts raised by Asta that are peculiar to him. Accordingly, this ruling is not applicable to any other defendants who seek to adopt this motion unless they adequately raise independent grounds for their severance.

Based on the court's determination to sever Asta from the instant case and the timing of Asta's trial being unknown at this time, the court denies Asta's remaining motions as moot, without prejudice to renewing either of them at the appropriate time.

## IV. RULING ON DEFENDANT LAWRENCE E. PLUHAR'S PRETRIAL MOTIONS

Defendant Lawrence E. Pluhar ("Pluhar") has filed five pretrial motions: (1) to strike portions of Count I of the indictment; (2) for discovery, inspection and a bill of particulars; (3) for disclosure of impeaching information and favorable evidence; (4) to adopt and join in certain pretrial motions filed by co-defendants; and (5) for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

### A. *Motion To Strike Portions of Count 1 of the Indictment*

Pluhar moves to strike certain portions of Count 1 of the indictment pursuant to Fed.R.Crim.P. 7(d).[5] Pluhar asks the court to strike all references in Count 1 to Lawrence Pluhar or to the word "defendants." Motions to strike portions of the indictment should be granted "only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Andrews,* 749 F.Supp. 1517, 1518–1519 (N.D.Ill.1990).

Pluhar argues that there is no reason to name Pluhar as a participant in a scheme to defraud numerous financial institutions of amounts exceeding $400 million when Count 1 charges only defendant Stoecker with fraud. Pluhar further asserts that it is unfair and highly prejudicial to make allegations about Pluhar when he has not been specifically charged with most of the crimes alleged in Count 1. Pluhar relies on *United States v. Vastola,* 670 F.Supp. 1244, 1254–56 (D.N.J.1987), in which the court granted in part and denied in part the defendants' joint motion to strike surplusage from the indictment.

Like the instant case, in *Vastola* the government included a five-page preamble in the indictment which included a descriptive paragraph about each of the defendants. The government characterized the preamble as a "roadmap" for the indictment. The court held that it "is not opposed to the idea of the use of a road-map-type preamble in a complex multi-defendant case. However, the particular preamble in question raises several serious concerns." *Id.,* 670 F.Supp. at 1254.

In *Vastola* there were twenty-one defendants indicted. Ten of the defendants were indicted for RICO charges and eleven were not charged with RICO violations. The court struck the preamble because the court held that the preamble contained additional narrative that was not contained in the counts of the indictment, and the indictment failed to give any instructive device linking the narrative information in the preamble to any of the particular charges in the indictment. *Id.,* 670 F.Supp. at 1254–1255. The court further held that the preamble did not properly separate the allegations against the RICO and non-RICO defendants, and that the prejudice to the non-RICO defendants was the most serious objection and most difficult to remedy other than to strike the preamble. *Id.*

In the instant case, paragraphs 1 through 76 of Count 1 allege the nature of each defendant's participation in, and the details of, the alleged scheme to defraud. Paragraphs 1 through 76 are then incorporated

5. Rule 7(d) provides: "[t]he court on motion of the defendant may strike surplusage from the indictment or information."

into specific counts of the indictment. Those counts, including Count 5 and Count 31 in which Pluhar is charged with particular executions of the overall alleged scheme, state that the count incorporates the allegations in paragraphs 1 through 76.

Pluhar asserts that it is unfair and highly prejudicial to make allegations about Pluhar in Count 1 when he has not been specifically charged with most of the alleged crimes in this indictment. The government need not charge Pluhar with a crime in order to allege and prove acts that were part of a scheme. "While for each count of conviction there must be an execution, each execution need not give rise to a charge in the indictment." *United States v. Longfellow,* 43 F.3d 318, 322–323 (7th Cir.1994) (Citation omitted.) (indictment alleging scheme to defraud a credit union listed six loans as part of the scheme and charged only a seventh refinancing of a loan as the "execution" of that scheme).

The court finds that the allegations in the paragraphs cited by Pluhar are relevant to the charges brought against him in the indictment, and thus do not meet the standard set forth in *Andrews.* Therefore, the court denies Pluhar's motion to strike portions of Count 1 of the indictment.

B. *Motion for Discovery, Inspection and Bill of Particulars;*

*Motion for Disclosure of Impeaching Information and Favorable Evidence*

Pluhar filed these two motions seeking to have the court order the government to produce certain *Brady,* and *Giglio* materials by a date certain, and for a bill of particulars. The government filed a motion to strike these two motions based on Pluhar's alleged failure to conform with Local Rule 2.04. *See, Davis,* 673 F.Supp. at 255. The court notes that Pluhar does not state in his motion that his attorney has given the government notice of the specific information he requests and that the government has failed to come to an agreement with defendant.

Regarding Pluhar's discovery requests under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1983), the government represents that it has no information that tends to negate Pluhar's guilt or reduce his punishment should he be convicted, and that if it discovers any such evidence it will promptly disclose such materials to defendant. The government further represents that it is aware of its obligations under *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and will disclose prior statements of witnesses in February 1996 (i.e., prior to the date of this opinion), and any other impeaching evidence in sufficient time to permit effective use of such materials at trial.

Based on the government's representations, the court grants in part and denies in part Pluhar's motion, and denies the government's motion to strike these two motions in their entirety. In the interest of justice and to enable the parties to address any motions in limine prior to trial, the court orders the government to produce all *Brady* and *Giglio* evidence at least four weeks prior to trial or at such time thereafter that the evidence becomes available. The court denies Pluhar's specific requests without prejudice until such time as defendant meets with the government and determines which if any such requests will not be met and are discoverable.

█ Pluhar requests a bill of particulars. Without citing any authority, Pluhar gives a list of detailed information he wishes the government to produce in a bill of particulars. The government responds that in addition to denying this request for defendant's failure to comply with Local Rule 2.04, the court should deny Pluhar's request because he has failed to argue or make a showing that the indictment is inadequate to protect him from double jeopardy or that without a bill of particulars he will be unable to prepare his defense.

█ The court has discretion whether to require a bill of particulars. *United States v. Canino,* 949 F.2d 928, 949 (7th Cir.1991). In deciding, the court must determine "whether the indictment sets forth the elements of the *offense charged* and sufficiently apprises the defendant of the *charges* to enable him to prepare for trial." *United States v. Kendall,*

665 F.2d 126, 134 (7th Cir.1981), *cert. denied,* 455 U.S. 1021. (Emphasis in original.) "[D]efendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id.,* 665 F.2d at 135. (Emphasis in the original.)

Further, a "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Id.* The court must consider whether the discovery provided by the government, in addition to the information in the indictment, allows the defendant to prepare his case adequately and diminishes the potential for surprises at trial. *United States v. Roya,* 574 F.2d 386, 392 (7th Cir.1978), *cert. denied,* 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165.

Based on the allegations in the instant 98 page indictment, and the information that the government has provided and will provide pursuant to its representations and the court's orders, the court finds that Pluhar has adequate notice of the charges brought against him and that a bill of particulars is not necessary in this case. Therefore, the court denies Pluhar's motion for a bill of particulars.

### C. *Motion to Adopt and Join in Certain Pretrial Motions Filed by Co–Defendants*

Pluhar has moved to adopt certain specified motions filed by his co-defendants Richard J. Bock and Gregory P. Pace. The government does not object to the wholesale adoption of co-defendants' motions. The government notes, however, that the circumstances cited in defendant Pace's motion to dismiss on the basis of undue preindictment delay are fact specific to that defendant and do not apply to all defendants.

The court grants Pluhar's motion to adopt previously filed motions for the reasons and under the condition stated in this opinion granting co-defendant Stoecker's similar motion.

### D. *Motion for Severance Pursuant to Rule 14 of the Federal Rules of Criminal Procedure*

■ Pluhar has filed a motion for severance pursuant to Fed.R.Crim.P. 14. The law regarding severance in this circuit has previously been stated in this opinion and applies to this motion. Pluhar asserts that severance is warranted in his case because there is a great disparity in the proof against his co-defendant Stoecker and himself. Pluhar is charged in 7 of the 58 counts. The government argues that Pluhar is alleged to be the Vice President of Finance and Planning for Grabill (the primary corporate borrower) and a co-schemer in the overall arching scheme alleged in the indictment. Based on these allegations, the government asserts that virtually all of the evidence admissible against his co-defendants would be admissible against defendant Pluhar in a separate trial. In reply, Pluhar does not dispute that much of the evidence would be admissible against him in a separate trial, but asserts that the evidence at trial will show that while he held a high ranking title, his actual job was very minimal.

The argument that there is more evidence against certain defendants or that it is more highly incriminating against other defendants is insufficient grounds for a severance. *United States v. Studley,* 892 F.2d 518, 524 (7th Cir.1989) ("[t]he fact that the government has greater evidence against one co-defendant does not automatically give the other defendant grounds for severance"). "Spillover" claims, or claims of prejudice based on "guilt by association" do not warrant severance. *Shorter,* 54 F.3d at 1259.

■ In most cases the court's limiting instructions to the jury will adequately prevent any potential prejudice. See, *Zafiro,* 506 U.S. at 540, 113 S.Ct. at 939. It is presumed that jurors will follow the court's instructions and consider each defendant separately. *Goines,* 988 F.2d at 781. Defendants may submit any appropriate instructions for the court to instruct the jury as to its limited consideration of any evidence. Further, if during the trial the court finds that there is not sufficient evidence that Pluhar is a co-schemer and that he has been

severely prejudiced by the introduction of evidence that would not otherwise be admissible against him at a separate trial, the court may sever him at such time.

Pluhar also asserts that he should be severed from his co-defendants because the indictment does not allege that he received specific payoffs of money as a consequence of the alleged fraudulent scheme. Pluhar has been charged in seven counts of the indictment with violations of 18 U.S.C. §§ 1014 and 1344. Neither of these statutes requires the government to allege or prove that Pluhar received specific payoffs as a consequence of the alleged fraud. The court does not find that this fact warrants severance of Pluhar from his co-defendants. Consequently, for the above reasons, the court denies defendant Pluhar's motion for a severance.

### CONCLUSION

For the foregoing reasons, the court rules on defendants' pretrial motions as follows:

#### Defendant Stoecker:

1. Motion for Leave to File Additional Pretrial Motions is denied without prejudice.

2. Motion to Adopt Certain Previously Filed Motions is granted, and motion to supplement previously filed motions is denied without prejudice.

3. Motion in Limine to Preclude Introduction of § 404(b) Evidence is denied with respect to Items 1 through 5, and granted with respect to Item 6.

4. Motion in Limine Concerning Co-defendant Pluhar is denied as moot.

#### Defendant Bock:

1. Motion For an Order Requiring the Government to Give Notice of Its Intention to Use other Crimes, Wrongs or Acts Evidence is denied.

2. Motion for Continuing Disclosure of Favorable Evidence is granted in part and denied in part: the government is ordered to produce all *Brady* and *Giglio* materials currently in its possession four weeks prior to trial or immediately upon receiving such evidence. Bock's specific request for evidence is denied without prejudice until the parties meet to determine which if any such requests

will not be complied with and are discoverable.

3. Motion to Adopt Certain Motions of Defendant Pace is granted.

4. Motion for a Santiago Hearing on Admissibility of Co–Conspirator's Statements or For a Proffer Four Weeks Prior to Trial is denied as moot.

#### Defendant Asta:

1. Motion for severance is granted; Asta's other motions are denied as moot, but may be raised again at an appropriate time.

#### Defendant Pluhar:

1. Motion to Strike Portions of Count 1 of the Indictment is denied.

2. Motions for Discovery, Inspection and Bill of Particulars and for Disclosure of Impeaching Information and Favorable Evidence are granted in part and denied in part: the government is ordered to produce all *Brady* and *Giglio* materials at least four weeks prior to trial, or at such time thereafter as the evidence becomes available. Pluhar's specific requests are denied without prejudice until such time as the parties meet and determine which if any such requests will be complied with and are discoverable; the motion for a bill of particulars is denied; the government's motion to strike these motions is denied.

3. Motion to Adopt and Join in Certain Pretrial Motions Filed by Co–Defendants is granted.

4. Motion for Severance is denied.